# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hernandez Cortez Evans, Jr., <br><br> Plaintiff, <br><br> v. <br><br> MN Professional Educator Licensing and Standards Board, <br><br> Defendant. | Case No. 19-cv-951 (SRN/BRT) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Hernandez Cortez Evans, Jr., Union Gospel Mission Twin Cities, 435 University Avenue East, St. Paul, MN 55130, pro se.

SUSAN RICHARD NELSON, United States District Judge

This case is before the Court on Plaintiff Hernandez Cortez Evans, Jr.'s Motion to Request a Change in Judge [Doc. No. 6]. For the reasons set forth below, this Court denies Plaintiff's Motion.

In this District, selection of judges at random has long been mandatory. Local Rule 40.1(a)(1) provides: "When a case or matter is filed, the clerk must assign it to a specific judge by a method of random allocation approved by the court. Unless the assigned judge orders otherwise, that judge will preside over the case until it is finally determined."

A motion for recusal is reviewed either "pursuant to 28 U.S.C. § 144, relating to prejudice or bias of the assigned federal judge, or pursuant to 28 U.S.C. § 455, stating

1

justifications for disqualification for a justice, judge, or magistrate judge." *United States v. Wetsch*, No. 12-CR-45 (SRN/JJG), 2013 WL 135579, at *1 (D. Minn. Jan. 10, 2013).

However, a judge should not lightly recuse. As a matter of fact, even when a motion to recuse has been filed, judges are charged with an affirmative duty "to probe the legal sufficiency of [a] petitioner's affidavits of prejudice and not to disqualify themselves unnecessarily." *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992) (internal citation omitted). Instead, a judge should only "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1359 (8th Cir. 1996) (internal citation omitted).

Judges are presumed to be impartial and, therefore, parties seeking recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quotation omitted). To meet that substantial burden, a party must "state the facts and the reasons for the belief that bias or prejudice exists." *Wetsch*, 2013 WL 135579, at *1.

Plaintiff moves this Court for recusal of the undersigned and Magistrate Judge Becky R. Thorson because he would prefer an African American judge. (Pl.'s Mot. to Request Change in Judge at 1.) Here, Plaintiff has not provided any facts or reasons suggesting that any bias or prejudice exists, and the Court finds no basis for recusal. *See, e.g.*, *Jones v. Egelhof*, No. CV 15-2679 (JRT/JSM), 2016 WL 1248676, at *2 (D. Minn. Mar. 29, 2016), *aff'd* (June 27, 2016). Accordingly, the Court denies Plaintiff's request.

Therefore, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Request a Change in Judge [Doc. No. 6] is **DENIED.**

Dated: May 6, 2019                             s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge