# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Herandez Cortez Evans, Jr.,

            Plaintiff,

v.

MN Professional Educator Licensing and
Standards Board,

            Defendant.

Civ. No. 19-951 (SRN/BRT)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on (1) the Complaint filed by Plaintiff Herandez Cortez Evans (Doc. No. 1, Compl.), and (2) Evans's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2, IFP Application.) For the reasons discussed below, this Court recommends declining to exercise jurisdiction in this matter, dismissing this matter without prejudice, and denying the IFP Application as moot.

On February 15, 2019, a Minnesota Administrative-Law Judge ("ALJ") held a hearing regarding possible discipline for Evans. (*See* Doc. No. 1-2, Findings of Fact, Conclusions of Law, and Recommendation 1, *In the Matter of the Teaching License of Herandez Cortez Evans*, No. 71-1304-35417 (St. of Minn. Office of Admin. Hr'gs Mar. 26, 2019).) The hearing concerned allegations that Evans, a licensed Minnesota teacher, had mistreated students while teaching at Minneapolis's Bethune Community School. (*See id.* at 2–10.) After the hearing, the ALJ recommended that the Minnesota

Professional Educator Licensing and Standards Board (the Board) discipline Evans. (*See id.* at 1, 11.)

The Board held a hearing on April 12, 2019. *See* Findings of Fact, Conclusions of Law, and Order 1, *In the Matter of the Teaching License of Herandez Cortez Evans*, No. 71-1304-35417 (St. of Minn. Prof'l Educator Licensing & Standards Bd. Apr. 12, 2019), *available at* http://macsnc.courts/state.mn.us (last accessed May 16, 2019) (attachment to Evans's petition for writ of certiorari in No. A19-0624). After that hearing, the Board issued an order adopting the ALJ's findings of fact and conclusions of law and revoking Evans's Minnesota teaching license. *See id.* at 1–2.

A week later, Evans filed a petition for a writ of certiorari with the Minnesota Court of Appeals. *See* Case Information, *In the Matter of the Teaching License of Herandez Cortez Evans*, No. A19-0624, *available at* http://macsnc.courts/state.mn.us (last accessed May 16, 2019). As of this Order's date, Evans's petition is still pending. *See id.* (containing no docket entries suggesting matter is resolved).

Evans filed the present Complaint on April 4, 2019 – that is, while proceedings before the Board were pending. He contends that the ALJ erred in various ways – specifically, by (1) citing non-Minnesota caselaw in her conclusions of law, (2) excluding certain African-American teachers from testifying on Evans's behalf, and (3) "discount[ing] [Evans's] testimony as an African American male teacher." (Compl. 4.) The Complaint asks this Court to "order the [ALJ] to use case law presented in Minnesota" and to bar Minnesota authorities from "exclud[ing] African American

2

witnesses." (*Id.*) Evans states that he "want[s] the American public to determine [his] teaching license status." (*Id.*)

Whatever the merits of Evans's arguments, this Court will not address them at this time. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *See, e.g.*, *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Scheffler v. City of New Hope*, No. 18-CV-1690 (SRN/LIB), 2019 WL 2053994, at *5 (D. Minn. May 9, 2019) (citing *Middlesex*).

The *Younger* abstention applies here. This action plainly overlaps with an ongoing state judicial proceeding – namely, Evans's petition for a writ of certiorari pending before the Minnesota Court of Appeals. That state proceeding implicates important state interests, including teacher licensure and revocation. And while the Court lacks access to Evans's substantive pleadings in the Court of Appeals, this Court sees no reason why Evans cannot raise any relevant federal-law questions that he wishes in those state-court proceedings.[1]

---

[1] It is true that federal courts should not abstain under *Younger* if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435; *see also Hartmann as Tr. for Lakeview Tr. v. Schauer*, No. 16-CV-3970 (PJS/BRT), 2017 WL 9249433, at *6 (D.

3

This Court thus recommends abstaining from exercising federal subject-matter jurisdiction in this action. As a result, this Court further recommends dismissing this action without prejudice and denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Court abstain from exercising federal subject-matter jurisdiction in this action.

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff Herandez Cortez Evans's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED** as moot.

Dated:  May 17, 2019                     *s/ Becky R. Thorson*_____
                                          BECKY R. THORSON
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

Minn. July 5, 2017) (quoting *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)), *report and recommendation adopted*, 2017 WL 3575851 (D. Minn. Aug. 18, 2017). But Evans has made no such showing.